IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00664-BNB

RAYMOND WARREN SCOTT,

      Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO,
BILL RITTER JR. (Governor),
JOHN SOUTHERS (Attorney General),
MIKE COFFMAN (Secretary of State),
TAMARA S. RUSSELL (District Court Judge),
SCOTT WILLIAM STORY (District Attorney), and
COLORADO DEPARTMENT OF CORRECTIONS,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 8 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL

_____

Plaintiff, Raymond Warren Scott, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Arkansas Valley

Correctional Facility in Crowley, Colorado.  He initiated this action by submitting to the

Court *pro se* a document titled "Judicial Notice."  The Court reviewed the document and

determined it was deficient.  Therefore, in an order filed on March 25, 2009, Magistrate

Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and

directed Mr. Scott to cure certain deficiencies in the case within thirty days if he wished

to pursue his claims.

The March 25, 2009, order pointed out that Mr. Scott failed to submit either the

$350.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to

28 U.S.C. § 1915 on the proper, Court-approved form.  The March 25 order also pointed out that Mr. Scott failed to submit a Prisoner Complaint on the proper, Court-approved form.  The order warned Mr. Scott that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On April 8, 2009, Mr. Scott submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint.  On May 13, 2009, he submitted another Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  However, he failed to submit a certified copy of his trust fund account statement for the six-month period immediately proceeding this filing.

Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 also notes this requirement.  By failing to submit a copy of his trust fund account statement certified by the appropriate prison official at the Arkansas Valley Correctional Facility where he is incarcerated, Mr. Scott has failed to cure all the deficiencies listed in the March 25, 2009, within the time allowed.  Therefore, the complaint and the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed.  Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for failure to cure.  It is

2

FURTHER ORDERED that leave to proceed pursuant to 28 U.S.C. § 1915 is denied as moot.  It is

FURTHER ORDERED that the motion titled "Independent Motion Challenging In Personam Jurisdiction a 'Constitutional Requirement' by Affidavit" filed on May 13, 2009, is denied as moot.

DATED at Denver, Colorado, this _15_ day of _____ *May* _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00664-BNB

Raymond Scott
Prisoner No.  53948
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/18/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk